# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR WILFEDO ALVAREZ-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>PAM BONDI, et al.,<br><br>Respondents. | Case No. 1:26-cv-2188-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING<br><br>(ECF Nos. 1, 6) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a noncitizen who has lived in California since 2016. He works and maintains strong family ties, including two United States citizen sisters. On February 4, 2026, he was arrested upon leaving the Downey Superior Court. He has a pending driving under the influence allegation. Thereafter, Petitioner was placed in § 240 removal proceedings and was transferred to the Mesa Verde ICE Processing Center. (ECF No. 1 at 9.[1]) On March 6, 2026, Petitioner moved for custody redetermination. At the March 13, 2026, hearing, the immigration judge stated that he did not have jurisdiction and allowed Petitioner to withdraw the bond request without prejudice to allow for a district court order. (Id. at 10.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On March 19, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention on statutory and due process grounds. (ECF No. 1 at 11–15.) On April 13, 2026, Respondents filed a motion to dismiss, and Petitioner filed an opposition on April 20, 2026. (ECF Nos. 6, 7.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

## II.

### DISCUSSION

Respondents argue that the petition should be dismissed because "Petitioner is an 'applicant for admission' under 8 U.S.C. § 1225(a)(1) who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 6 at 1, 2.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing given that Petitioner was arrested pursuant to an administrative warrant.[2] (ECF No. 6-3 at 1.) See J.A.C.P., 2025 WL 3013328, at *8.

## III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count I.

2. Respondents' motion to dismiss (ECF No. 6) be DENIED.

3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

---

[2] In light of this conclusion, the Court declines to address Petitioner's other claims.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3